*Stowell & Friedman, Ltd.,* Class Counsel, Appellee.

No. 03–7744.

United States Court of Appeals, Second Circuit.

Oct. 29, 2004.

Phyllis JAMISON, Pamela K. Martens, Judith P. Mione, Roberta O'Brien Thomann, on behalf of themselves and all others similarly situated, Robin Tompkins, Patricia Hanlon, Lorraine Parker, Bette Laswell, Jennifer Alvarez, Cara Beth Walker, Edna Broyles, Edna Tompkins, Danielle Saccone, Beverly Trice, Lori Hurwitz, Mary Ann Cabell, Ardis Vinnecour, Tracy Gibbs, and Stephanie Rodruck, Plaintiffs,

Marianne Dalton, Patricia Clemente, Lydia Klein, Eileen Valentino, Patricia Hanlon, Teresa Tedesco, and Lisa Mays, Plaintiffs–Appellants,

v.

SMITH BARNEY INC., a/k/a Shearson/American Express, Shearson Lehman Brothers, Shearson Lehman Brother Holdings, Inc., Shearson Lehman Hutton, a/k/a Shearson Lehman Brothers, Smith Barney/Shearson, Inc., James Dimon; Nicholas Cuneo, New York Stock Exchange, and National Association of Securities Dealers, Inc., Defendants–Appellees,

Kent Spriggs, Spriggs Law Firm, Tallahassee, FL, for Appellants.

Daniel J. Toal, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, N.Y. (Brad S. Karp, Joyce S. Huang, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, on the brief), Thomas E. Johnson, Johnson, Jones, Snelling, Gilbert & Davis, P.C., Chicago, IL (Anne Megan Davis, Johnson, Jones, Snelling, Gilbert & Davis, P.C., Chicago, IL, on the brief, Linda D. Friedman, Stowell & Friedman, Ltd., Chicago, IL, on the brief), for Appellees.

Present: JACOBS, SOTOMAYOR, and HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiffs-appellants appeal the June 19, 2003 order of the United States District Court for the Southern District of New York (Koeltl, *J.*), dismissing plaintiffs-appellants' "motion to enforce" the Settlement Agreement in this class action. We assume that the parties are familiar with the facts, the procedural context, and specification of the appellate issues.

This Court held in a prior appeal that "there is nothing in the Federal Rules of

14

Civil Procedure styled a 'motion to enforce.' Nor is there approval for such a motion to be found in this Circuit's case law, except in situations inapposite to the case before us." *Martens v. Thomann*, 273 F.3d 159, 172 (2d Cir.2001). This Court's prior ruling constitutes the law of the case and will not be revisited on this appeal. *See U.S. v. Yonkers Bd. of Educ.*, 856 F.2d 7, 11 (2d Cir.1988) ("Law of the case requires 'adherence by an appellate court to its own decision at an earlier stage of the litigation'") (quoting *United States v. Cirami*, 563 F.2d 26, 33 n. 6 (2d Cir. 1977)).

For substantially the reasons stated by the district court, none of the various rules relied upon by the plaintiffs-appellants furnishes an adequate procedural vehicle for the remedies the plaintiffs-appellants seek. The district court ruled that all of the plaintiffs-appellants' claims and arguments may be characterized as efforts to reframe or alter the settlement terms rather than to "enforce" them. We agree with that ruling with respect to virtually all of plaintiffs-appellants' arguments. With respect to those arguments that seek relief not incompatible with the Settlement Agreement, we affirm the merits-based reasons stated by the district court.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**